950 A.2d 213

IN THE MATTER OF JEFFREY LUTZ, AN ATTORNEY AT LAW.

June 26, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 07–397, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **JEFFREY LUTZ** of **BRICK,** who was admitted to the bar of this State in 1975, should be suspended from the practice of law for a period of three months for violating *RPC* 1.15(a) (failure to identify, keep or properly safeguard client funds in trust account), *RPC* 1.15(b) (failure to promptly disburse funds to a third person), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit to the Office of Attorney Ethics financial information previously requested and to submit proof of his fitness to practice law;

And good cause appearing;

It is ORDERED that **JEFFREY LUTZ** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective immediately;  and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit to the Office of Attorney Ethics all financial records requested by that office and shall submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics;  and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys;  and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.